## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,
        Plaintiff,

v.                                        Case No. 6:05-cv-1580-Orl-31KRS

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation, MEDIATECH, INC., a
Delaware corporation, KEVIN SPEED,
STEVE FLEMING, and PATRICK ST. ROMAIN,
        Defendants.

_____

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation,

        Counterclaim and Third-Party
        Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,

        Counterclaim Defendant

and

JACK KELLY, THOMAS DORSEY,
MICHAEL HOMAN, and THOMAS HULL,

        Third-Party Defendants.

_____/

## AMENDED PROTECTIVE ORDER FOR CONFIDENTIALITY

The Court, having considered the joint motion by Plaintiff Lockheed Martin Corporation

("Lockheed Martin"), Defendants L-3 Communications Corporation ("L-3"), Mediatech, Inc.

("Mediatech"), Kevin Speed, Steve Fleming, and Patrick St. Romain, and Third-Party Defendants Thomas Hull, Michael Homan, Thomas Dorsey, and Jack Kelly, agrees that a Protective Order in the form of this document should govern the discovery and pre-trial plans of the above-captioned litigation (the "Action").   Therefore,

IT IS HEREBY ORDERED that the following provisions shall govern claims of confidentiality during pretrial proceedings in this case beginning on the date of the filing of this Protective Order for Confidentiality (the Protective Order)[1]:

*Definition of Confidential Information.*

1.      The producing party may designate in good faith as "Confidential Protected Litigation Information" only that portion of a document[2] that contains information (a) obtained through discovery in this litigation (b) that has not previously been disclosed by the producing party to anyone except (i) those in the party's employment or (ii) others under agreement or obligation not to disclose the information (including agencies of the U.S. Government) and (c) that falls within any of the following categories of information:

(i)      "Trade secrets and other confidential research, development or commercial information," which phrase is defined for purposes of this Protective Order as information (a) that derives independent economic value, actual or potential, from not being generally known to, and not being readily

---

1 This Protective Order does not extend to disclosure of information in the joint final pretrial statement or during trial.
2 "Document" and "information," as those terms are used in this Protective Order, include information in any tangible form, including printed information, computer disks or other electronic media, electronic mail, discovery responses and depositions.

ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (b) that is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; or

(ii)      Information obtained by the producing party pursuant to a Court order, to the extent that the Court order expressly restricts dissemination of the information; or

(iii)      Information obtained or maintained by the producing party pursuant to a statute, regulation or contract, to the extent that the statute, regulation or contract expressly restricts dissemination of the information.

Confidential Protected Litigation Information may be used by persons gaining access to it only for the purposes of this litigation and shall not be given, shown, made available, discussed or otherwise communicated in any form except as authorized herein.

2.      The producing party may designate in good faith only that portion of a document that contains Confidential Protected Litigation Information as Restricted Confidential Protected Litigation Information when that portion of the document contains competitively sensitive information the disclosure of which to an adverse party in this litigation could reasonably be expected to provide a competitor of the producing or owning party with a substantial competitive advantage in a present or reasonably foreseeable future competition, if disclosed to an individual, whether or not an attorney, who is or may in the future be involved in competitive decision-making as that term is used in *U.S. Steel v. United States*, 730 F.2d 1465 (Fed. Cir. 1984).

-3-

3.      If any party believes in good faith that a document contains information that is not described in the above paragraphs which should, nevertheless, be designated confidential, it may make application for approval of such designation to the Court.  Such application must be supported by an evidentiary showing of good cause supporting confidential treatment of the document or portion thereof.

4.      Non-parties who produce documents in discovery in this case may designate in good faith only that portion of such documents as Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information in the same manner, and with the same obligations, as a party to this case.  A party seeking discovery from an individual or entity that is not a party to this case shall provide a copy of this Protective Order to that individual or entity concurrently with the issuance of the subpoena or other request for discovery.

5.      Designation of information under this Protective Order as Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information is a certification that, to the best of the knowledge, belief and information of the designating party's attorneys, formed after a reasonable inquiry, the designation complies with the provisions of Fed. R. Civ. P. 26(g).

*Method of Designation of Confidential Information.*

6.      Each document containing Confidential Protected Litigation Information shall be clearly and prominently marked on each page with the following legend, or one substantially similar:

-4-

CONFIDENTIAL PROTECTED LITIGATION INFORMATION —
THIS DOCUMENT IS SUBJECT TO A COURT PROTECTIVE
ORDER.

7.      Each portion of a document containing Restricted Confidential Protected

Litigation Information shall be clearly and prominently marked with the following legend, or

one substantially similar:

1.              RESTRICTED   CONFIDENTIAL
PROTECTED   LITIGATION
INFORMATION   –   THIS
DOCUMENT IS SUBJECT TO A
COURT PROTECTIVE ORDER.

8.      In lieu of marking the original of documents produced for inspection, the party

may mark copies that are produced or exchanged.

9.      For a period of thirty (30) days after receipt of any document produced in

discovery in this case and for a period of twenty-one (21) days after receipt of a deposition

transcript from the court reporter or other discovery response, the parties shall treat such

documents as Restricted Confidential Protected Litigation Information to enable all of the

parties to determine whether the documents have been properly marked in accordance with

this Protective Order.

*Disclosure of Confidential Information*

10.      Confidential Protected Litigation Information and Restricted Confidential

Protected Litigation Information may be used by persons gaining access to it only for the

purposes of this litigation and shall not be given, shown, made available, discussed or

otherwise communicated in any form except as authorized herein.

11.      Those portions of documents designated Confidential Protected Litigation

Information shall be shown only to the attorneys, parties, parties' consultants, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit, provided that each person completes a copy of an Agreement to Access to Confidential Protected Litigation Information, in the form attached hereto as Exhibit A.

12.     Those portions of documents designated Restricted Confidential Protected Litigation Information shall be shown only to the following individuals and entities:

a.     Outside litigation counsel for each party to this litigation and their support personnel (including secretarial, clerical, technical, copying and other support personnel) whose function in connection with this case requires access to Restricted Confidential Protected Litigation Information, and whose responsibilities are limited to litigation and do not involve competitive decision-making, upon completion and submission to all counsel of record of an Agreement for Access in the form attached hereto as Exhibit B.

b.     In-house litigation counsel employed by Lockheed Martin or L-3 and Mediatech, whose responsibilities are limited to litigation and do not involve competitive decision-making, upon completion and submission to all counsel of record of an Agreement for Access in the form attached hereto as Exhibit B. To protect against inadvertent disclosures, in-house counsel authorized to view Restricted Confidential Protected Litigation shall maintain the information on password protected websites or electronic files or keep it in a locked filed

cabinet or container to protect against unauthorized access.

c.      Outside consultants and their support personnel (including secretarial, clerical, technical, copying and other support personnel who have been retained by counsel for any party to this case, whose function in connection with this case requires access to Restricted Confidential Protected Litigation Information, upon completion and submission to the retaining party's outside counsel of record of an Agreement for Access in the form attached hereto as Exhibit C.

d.      Any witness, and the witness's counsel, who executes an Undertaking in the form attached hereto as Exhibit E, or who does not execute such an Undertaking but has prior knowledge of the Information to be disclosed because, with respect to such information, the witness authored or received a copy of the document, as reflected on the face of the document;

e.      The Court and its employees;

f.      Outside photocopying, imaging, database, graphics or design services, videographers and court reporters retained by outside counsel for any purpose, including without limitation preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this case, upon completion and submission to the retaining party's outside counsel of an Undertaking in the form attached hereto as Exhibit E; and

g.      Additional individuals or entities pursuant to written agreement between

and among the parties or pursuant to an Order of this Court upon motion, which motion must be supported by evidence establishing the need for such individual or entities to have access to Restricted Confidential Protected Litigation Information.

13.      Notwithstanding any other provision hereof, attendance at depositions by certain individuals who only have access to Confidential Protected Litigation Information shall be as follows:

a.      In-house litigation counsel and party representatives whose responsibilities do involve competitive decision-making shall be permitted to attend any deposition as counsel and/or party representatives, upon the execution of Exhibit A.

b.      Any individual defendant or third party defendant upon completion and submission to all counsel of record of an Agreement of Individual Defendant/Third Party Defendant for Access to Confidential Protected Litigation Information in the form attached hereto as Exhibit D, shall be permitted to attend any deposition.

c.      However, in the event outside litigation counsel notifies in-house litigation counsel, a party representative, or counsel for an individual defendant or third party defendant that Restricted Confidential Protected Litigation Information is about to be forthcoming, the in-house litigation counsel, party representative, individual defendant, or third party defendant shall be excused from the duration of the portion of the proceeding pertaining to Restricted Confidential Protected Litigation

Information.

14.      If a party is served with any legal process, including subpoenas or civil investigative demands, seeking Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information, that party shall, within two (2) business days of receipt of the legal process, give written notice of the requested information by hand delivery or facsimile transmission to the party that designated the requested information as Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information.  The designating party has the burden of taking any necessary action to protect the requested information from disclosure before the date that the party served with legal process is required to produce the requested information.  This Protective Order does not preclude disclosure of Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information in response to such legal process.

15.      The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

16.      A party may disclose its own Confidential Protected Litigation Information and its own Restricted Confidential Protected Litigation Information for any purpose.  However, disclosure of such information may, in some circumstances, remove the information from the limited categories of information protected by this Protective Order.

*Disputes Regarding Designation of Confidential Information.*

17.      If a party believes that a document designated as Confidential Protected

-9-

Litigation Information or Restricted Confidential Protected Litigation Information does not warrant such designation or that an undesignated document should be designated Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information, and has a good-faith belief that its de-designation or re-designation is necessary for litigation purposes; or if any individual party has a good faith belief that it is necessary for litigation purposes that he be shown Restricted Confidential Protected Litigation Information, the party shall do the following: (1) contact opposing counsel (a) in writing explicitly citing this paragraph of this Protective Order and (b) identify the documents in dispute by Bates number, and (c) make specific reference to the portions of the document it believes should be designated or de-designated, and (d) specify the tier of protection that it believes should apply, and (2) make a good-faith effort, for a period not to exceed twenty-one (21) days from the date of such writing, to resolve the dispute with opposing counsel. In the event that the dispute cannot be resolved by the parties within this time, the designating party must apply to the Court for a protective order within ten (10) business days after the conclusion of the twenty-one (21) day good-faith conference period.  The burden rests on the party seeking confidentiality to make a prima facie showing through evidence and legal authorities submitted to the Court in support of the motion for protective order that such designation is appropriate. During the time that such motion for protective order is pending, the parties shall treat the disputed portion of the document as Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information as deemed appropriate by the designating party.  Failure to file a motion for protective order within the time required by this

Protective Order constitutes a concession by the designating party that the disputed portion of the document at issue is not entitled to treatment as a confidential document as defined in this Protective Order. A party may not seek to disclose information that is the subject of a good faith conference under this paragraph until after the expiration of the time for the designating party to file a motion for protective order.

      2.    18.    In connection with filing a motion for protective order, the moving party shall prepare a version of the document at issue with all Confidential Protected Litigation Information highlighted in green and all Restricted Confidential Protected Litigation Information highlighted in blue.[3]  The moving party shall serve this document on opposing counsel concurrently with filing its motion for a protective order.  The moving party shall, concurrently with filing its motion for a protective order, file a motion for leave to file the color-coded document with the Court under seal, which motion shall state that the document is being submitted for consideration pursuant to this paragraph of this Amended Protective Order.  The identification and designation of information pursuant to this paragraph as Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information is equivalent to a motion for a protective order and subjects the parties and their respective attorneys to the sanctions of Fed. R. Civ. P. 37(a)(4), as provided by Fed. R. Civ. P. 26(c).

---

[3] When entire pages of documents contain Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information, such pages may, in lieu of being highlighted in their entirety, be reproduced on green or blue paper, respectively.

19.      The parties shall be prepared for the Court to set an evidentiary hearing on disputes regarding the designation of documents under this Amended Protective Order on short notice.

20.      When the time required to complete the good faith conference and move for a protective order interferes with a party's ability to respond to a motion in the time provided for by the Local Rules, as modified by the Case Management and Scheduling Order, the affected party shall promptly file a motion for an extension of time in which to respond.  Any such motion for extension must recite that the party seeking the extension has initiated the good faith conference process set forth in paragraph 17 above, as appropriate.

*Filing of Confidential Information*

21.      A party may not submit documents for filing under seal in this case expect upon express authorization from the Court issued in response to a motion or *sua sponte*.  A motion for authorization to file information under seal must be supported by evidence establishing good cause supporting confidential treatment of the document, or portion thereof, and applicable legal authority.  Except as authorized in paragraph 18 *supra*, this Protective Order may not be cited or relied upon as a finding that any portion of a document designated as Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information is entitled to be filed with the Court under seal.

22.      Before seeking to file under seal any portion of a document designated as Confidential Protected Litigation Information or Restricted Confidential Protected Litigation

Information, the filing party shall confer with opposing counsel, in the manner described in paragraph 17 *supra*, in a good faith attempt to determine whether the pertinent portion of the document, or a summary or redaction of the document, may be filed in the public record.  If the parties are unable to agree on a method to file the information in the public record, the burden rests on the party seeking confidentiality to make a *prima facie* showing through evidence and legal authorities submitted to the Court in support of the motion for protective order that such designation is appropriate.  Failure to file a motion for protective order within the time required by paragraph 17 of this Protective Order constitutes a concession by the designating party that the disputed portion of the document at issue may be filed in the public record.  A party may not seek to file information that is the subject of a good faith conference under this paragraph until after the expiration of the time for the designating party to file a motion for protective order.

23.       Portions of documents that the Court permits to be filed under seal shall be filed with the Clerk of Court in paper form in a sealed envelope accompanied by the Court order permitting the sealed filing.  The filing party shall electronically file in the public record a notice of filing generally describing the information filed under seal.  If only a portion of a document is filed under seal, the filing party shall electronically file the remainder of the document, in redacted form, in the public record.

*Disposition of Confidential Information.*

24.       The provisions of this Protective Order and this Court's jurisdiction to enforce its terms shall survive the conclusion of this case.

25.     Upon receipt of a final order, judgment or decree finally disposing of this case, including any appeals therefrom, the Clerk of Court shall return to the filing party all information filed under seal in this case.

26.     Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this case, including any appeals therefrom, all persons having received Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information shall return it to counsel for the producing party or destroy such material and all copies thereof.  Outside counsel of record in this case shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product that contains Confidential Protected Litigation Information or Restricted Confidential Protected Litigation provided that such counsel, and employees of such counsel, shall not disclose any Confidential Protected Litigation Information or Restricted Confidential Protected Litigation contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party, or pursuant to an order of a Court, or in response to legal process after following the procedure set forth in paragraph 14 *supra.*

27.     Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this case, including any appeals therefrom, outside counsel of record to this case for each party shall serve on counsel of record for the corporate parties the signed Agreements for Access for every outside consultant who gained access to Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information pursuant to this Protective Order.

-14-

*Effect of Designations or non-Designations*

28.      The designation or non-designation of documents or information pursuant to this Protective Order is for the sole purpose of designating how those documents or items of information may be used and by whom during pre-trial proceedings in this case.  Rulings by the undersigned Magistrate Judge in pretrial discovery disputes about the propriety of the designation or non-designation of documents or information under this Protective Order will be made based on the information before the Court at the time of the ruling.  Accordingly, such rulings cannot be cited or relied upon as a finding that the documents or items of information are, or are not, trade secrets, confidential research, development or commercial information, competitively sensitive information, or otherwise protected by statute, regulation, contract or court order.  Further, the Agreements for Access described in paragraphs 12 and 13 *supra*, and the exclusion of individuals from certain activities as a condition of being granted access to Restricted Confidential Litigation Information, shall not be admissible to support any argument that documents or items of information are, or are not, trade secrets, confidential research, development or commercial information, competitively sensitive information, or otherwise protected by statute, regulation, contract or court order.

**DONE** and **ORDERED** in Orlando, Florida this 26th day of July, 2006.

Copies furnished to:
Counsel of Record
Unrepresented Parties

**Exhibit A**
**Sample Agreement for Access to Confidential Protected Litigation Information**

---

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,
          Plaintiff,

v.                                        Case No. 6:05-cv-1580-Orl-31KRS

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation, MEDIATECH, INC., a
Delaware corporation, KEVIN SPEED,
STEVE FLEMING, and PATRICK ST. ROMAIN,
          Defendants.

_____

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation,

          Counterclaim and Third-Party
          Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,

          Counterclaim Defendant

and

JACK KELLY, THOMAS DORSEY,
MICHAEL HOMAN, and THOMAS HULL,

          Third-Party Defendants.

-16-

AGREEMENT FOR ACCESS TO
CONFIDENTIAL PROTECTED LITIGATION INFORMATION UNDER
THE PROTECTIVE ORDER FOR CONFIDENTIALITY

I, [_____], am employed by [_____], and hereby seek access to Confidential Protected Litigation Information governed by the Protective Order for Confidentiality ("Protective Order") issued by the Court in connection with the above-captioned Action.

I hereby acknowledge that I am not entitled to see or review Restricted Confidential Protected Litigation Information under the terms of the Protective Order.

I have read a copy of the Protective Order issued by the Court in this Action, and I will comply in all respects with all terms and conditions of that order in handling any Confidential Protected Litigation Information filed or produced in connection with the Action.  I will not disclose any Confidential Protected Litigation Information to any individual other than as permitted by the Protective Order.

I acknowledge that any violation of the terms of the Protective Order may result in the imposition of such sanctions as the Court deems appropriate, including but not limited to referral of the violation to appropriate disciplinary bodies or professional associations.  I further acknowledge that a party whose Confidential Protected Litigation Information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.  I consent to the jurisdiction of the issuing Court for the enforcement of such Order.

By my signature, I certify under penalty of perjury that, to the best of my knowledge, the representations set forth above are true and correct.

_____ Signature

_____ Typed Name and Title

_____ Date Executed

_____ Mailing Address

_____ Facsimile Number

**Exhibit B**
**Sample Agreement for In-House and/or Outside Litigation Counsel**

**For Access to Restricted Confidential Protected Litigation Information and**

**Confidential Protected Litigation Information**

_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


LOCKHEED MARTIN CORPORATION,
a Maryland corporation,
         Plaintiff,


v.                                              Case No. 6:05-cv-1580-Orl-31KRS

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation, MEDIATECH, INC., a
Delaware corporation, KEVIN SPEED,
STEVE FLEMING, and PATRICK ST. ROMAIN,
         Defendants.
_____

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation,

         Counterclaim and Third-Party
         Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,

         Counterclaim Defendant

and

JACK KELLY, THOMAS DORSEY,
MICHAEL HOMAN, and THOMAS HULL,

         Third-Party Defendants.

-18-

# AGREEMENT FOR ACCESS TO MATERIAL UNDER
# <u>PROTECTIVE ORDER BY COUNSEL</u>

1.      I, [_____], hereby seek access to Confidential Protected Litigation Information and Restricted Confidential Protected Litigation Information covered by the Protective Order for Confidentiality ("Protective Order") issued in connection with the above-captioned Action.

2.      I am in-house/outside litigation counsel for [_____], a party to this Action. I am a member of the bar(s) of [_____]; my bar membership number(s) is/are _____.

3.      I hereby certify that my job duties and responsibilities on behalf of my employer are limited to litigation.  I am not involved in competitive decision-making for or on behalf of any party to this Action or any other firm that might gain a competitive advantage from access to the Restricted Confidential Protected Litigation Information disclosed under the Protective Order.  I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor.

4.      I further agree that, for a period of two (2) years from the conclusion of this Action, defined as including any appeals therefrom, I will not assume any position, for my employer or in any other capacity, in which I will engage or assist in the preparation of a proposal to be submitted to any agency of the United States Government for modeling, simulation, and mission rehearsal tools, nor will I have any personal involvement in any such activity.

5.      I have read the Protective Order issued by the Court in this Action, and I will comply in all respects with that order and will abide by its terms and conditions in handling any Confidential Protected Litigation Information and Restricted Confidential Protected Litigation Information filed or produced in connection with the Action.

6.      I acknowledge that any violation of the terms of the Protective Order may result in the imposition of such sanctions as the Court deems appropriate, including but not limited to referral of the violation to appropriate bar associations or other disciplinary bodies.  I further acknowledge that a party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.  I consent to the jurisdiction of the issuing Court for the enforcement of such Order.

## CERTIFICATION

By my signature, I certify under penalty of perjury that, to the best of my knowledge, the representations set forth above (including any attached statements) are true and correct.


_____ Signature

_____ Typed Name and Title

_____ Date Executed

_____ Mailing Address

_____ Facsimile Number

**Exhibit C**
**Sample Agreement for Outside Consultant**

**For Access to Restricted Confidential Protected Litigation Information and**

**Confidential Protected Litigation Information**
_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,
          Plaintiff,

v.                                Case No. 6:05-cv-1580-Orl-31KRS

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation, MEDIATECH, INC., a
Delaware corporation, KEVIN SPEED,
STEVE FLEMING, and PATRICK ST. ROMAIN,
          Defendants.

_____

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation,

          Counterclaim and Third-Party
          Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,

          Counterclaim Defendant

and

JACK KELLY, THOMAS DORSEY,
MICHAEL HOMAN, and THOMAS HULL,

          Third-Party Defendants.

-21-

## AGREEMENT FOR ACCESS TO MATERIAL UNDER
## PROTECTIVE ORDER BY OUTSIDE CONSULTANT

1.      I, [_____], am a consultant employed by [_____], and hereby seek access to all Confidential Protected Litigation Information and Restricted Confidential Protected Litigation Information covered by the Protective Order for Confidentiality ("Protective Order") issued by the Court in connection with the above-captioned Action.

2.      I have been retained by and will, under the direction and control of counsel of record for [_____], assist in the representation of [_____] in this Action.

3.      I hereby certify that I am not involved in competitive decisionmaking for or on behalf of any party to this Action or any other firm that might gain a competitive advantage from access to the Restricted Confidential Protected Litigation Information disclosed under the Protective Order.  Neither I nor my employer provides advice or participates in any decisions of such parties in matters involving similar or corresponding information about a competitor.

4.      My professional relationship with the party for whom I am retained in this Action and its personnel is strictly as a consultant on issues relevant to the Action.  Neither I, my spouse, nor any member of my immediate family holds office or a management position in any company that is a party in this Action, or in any competitor or potential competitor of a party.

5.      I have read a copy of the Protective Order issued by the Court in this Action, and I will comply in all respects with all terms and conditions of that order in handling any Confidential Protected Litigation Information and Restricted Confidential Protected Litigation Information filed or produced in connection with the Action.  I will not disclose any Confidential Protected Litigation Information or Restricted Confidential Protected Litigation Information to any individual other than those individuals admitted under the Protective Order by the Court.

6.      I acknowledge that any violation of the terms of the Protective Order may result in the imposition of such sanctions as the Court deems appropriate, including but not limited to referral of the violation to appropriate disciplinary bodies or professional associations.  I further acknowledge that a party whose Confidential Protected Litigation Information or "Attorneys Eyes Only" Confidential Protected Litigation Information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.  I consent to the jurisdiction of the issuing Court for the enforcement of such Order.

7.      In consideration of being granted access to Restricted Confidential Protected Litigation Information in connection with this lawsuit, I hereby certify that for a period of two (2) years from the conclusion of this litigation, I will not engage or assist in the preparation of a proposal for modeling, simulation, and mission rehearsal tools to be submitted to any agency of the United States Government, nor will I have any personal involvement in any such activity.

## CONSULTANT'S CERTIFICATION

By my signature, I certify under penalty of perjury that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____ Signature

_____ Typed Name and Title

_____ Date Executed

_____ Mailing Address

_____ Facsimile Number


## ATTORNEY'S CERTIFICATION

The consultant named above has been retained by me to assist in the representation of in this Action and will perform his/her duties in connection with this Action under my direction and control.

_____ Signature

_____ Typed Name and Title

_____ Date Executed

**Exhibit D**
**Sample Agreement for Individual Defendant/Third-Party Defendant**

**For Access to Confidential Protected Litigation Information**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,
      Plaintiff,

v.                                     Case No. 6:05-cv-1580-Orl-31KRS

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation, MEDIATECH, INC., a
Delaware corporation, KEVIN SPEED,
STEVE FLEMING, and PATRICK ST. ROMAIN,
      Defendants.

_____

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation,

      Counterclaim and Third-Party
      Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,

      Counterclaim Defendant

and

JACK KELLY, THOMAS DORSEY,
MICHAEL HOMAN, and THOMAS HULL,

      Third-Party Defendants.

-24-

**AGREEMENT OF INDIVIDUAL DEFENDANT/THIRD PARTY DEFENDANT
FOR ACCESS TO
CONFIDENTIAL PROTECTED LITIGATION INFORMATION
UNDER THE PROTECTIVE ORDER FOR CONFIDENTIALITY**

I, _____, hereby acknowledge being bound for access to Confidential Protected Litigation Information covered by the Protective Order for Confidentiality ("Protective Order") issued in connection with this case.

1.     I am an individual defendant/third party defendant in this case.

2.     I have read a copy of the Protective Order issued by the Court in this case, and I will comply in all respects with all terms and conditions of that order in handling any Confidential Protected Litigation Information filed or produced in connection with the case. I will not disclose any Confidential Protected Litigation Information to any individual other than those individuals permitted under the Protective Order and will use any such information only in connection with matters pertaining to this case.

3.     I acknowledge that any violation of the terms of the Protective Order may result in the imposition of such sanctions as the Court deems appropriate, including but not limited to referral of the violation to appropriate disciplinary bodies or professional associations, and a finding of contempt of Court.  I further acknowledge that a party whose protected information is improperly disclosed shall be entitled to all remedies under law or equity, including breach of contract.  I consent to the jurisdiction of the issuing Court for the enforcement of such Order.

**CERTIFICATION**

By my signature, I certify under penalty of perjury that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

_____
Signature

_____
Typed Name and Title

_____
Date Executed

_____
Mailing Address

_____
Facsimile Number

**Exhibit E**
**Sample Undertaking**
**For Access to Restricted Confidential Protected Litigation Information and**

**Confidential Protected Litigation Information**

---

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,
        Plaintiff,

v.                               Case No. 6:05-cv-1580-Orl-31KRS

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation, MEDIATECH, INC., a
Delaware corporation, KEVIN SPEED,
STEVE FLEMING, and PATRICK ST. ROMAIN,
        Defendants.

_____

L-3 COMMUNICATIONS CORPORATION,
a Delaware corporation,

        Counterclaim and Third-Party
        Plaintiff,

v.

LOCKHEED MARTIN CORPORATION,
a Maryland corporation,

        Counterclaim Defendant

and

JACK KELLY, THOMAS DORSEY,
MICHAEL HOMAN, and THOMAS HULL,

        Third-Party Defendants.

-26-

## UNDERTAKING

The undersigned hereby acknowledges that he or she has read the Protective Order for Confidentiality ("Protective Order") in the above-captioned Action; that he or she understands the terms thereof; that he or she is bound by its terms; and that he or she consents to the jurisdiction of the United States District Court for the Middle District of Florida in all matters concerning the Protective Order and this Undertaking.

| | |
|---|---|
| _____<br>Date | _____<br>Signature |
| | Print Name and Address<br>_____<br>____<br>_____<br>____<br>_____<br>____<br>_____<br>____<br>Employer or Business Affiliation |