**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOCKHEED MARTIN CORPORATION a**
**Maryland corporation,**

            **Plaintiff,**

-vs-                                          Case No. 6:05-cv-1580-Orl-31KRS

**L-3 COMMUNICATIONS CORPORATION,**
**a Delaware corporation, MEDIATECH, INC.,**
**a Delaware corporation, KEVIN SPEED,**
**STEVE FLEMING, and PATRICK ST.**
**ROMAIN,**

            **Defendants.**
_____
**L-3 COMMUNICATIONS CORPORATION,**
**a Delaware corporation,**

            **Counter-Plaintiff,**

vs.

**LOCKHEED MARTIN CORPORATION, a**
**Maryland corporation,**

            **Counterclaim Defendant,**
**and**

**JACK KELLY, THOMAS DORSEY,**
**MICHAEL HOMAN, and THOMAS HULL,**

            **Additional Counterclaim**
            **Defendants.**
_____

# ORDER

    Defendant Patrick St. Romain ("St. Romain") has filed a motion to dismiss (Doc. 130)

counts I, III and V of Plaintiff's Second Amended Complaint (Doc. 116). The Plaintiff, Lockheed

Martin Corporation ("Lockheed Martin"), has filed a memorandum in opposition thereto (Doc. 137).

The motion will be granted as to Count I because the allegations of the Second Amended Complaint establish that St. Romain had authorization to access Plaintiff's computers and in doing so, did not exceed his authorization. *See* Order dated August 1, 2006 at Doc. 112.

In Count III, Plaintiff alleges *inter alia* that on or about January 3, 2006, St. Romain violated 18 U.S.C. § 1030 (a)(5)(A)(i) by transmitting a "program, information, code or command" that deleted and destroyed data files, causing damage to a protected computer. (Doc. 116 at 30). In pertinent part, 18 U.S.C. § 1030(a)(5)(A)(i) forbids knowingly causing the transmission of a program or the like that "intentionally causes damage without authorization, to a protected computer." However, the "protected computer" referenced in Count III belonged to St. Romain, not Lockheed Martin. (Doc. 137 at 14, n.4). Accordingly, Count III is akin to a spoliation of evidence claim under the guise of the CFAA. *See* Doc. 137 at 14. For purposes of the CFAA, St. Romain certainly was an authorized user of his own personal computer, and his authorization would extend to accessing and deleting any files on it. Moreover, any deletion by St. Romain of files from his own computer could not result in "loss" or "damage" *to Lockheed Martin* as those terms are used in (and required by) 18 U.S.C. § 1030(a)(5)(B) and (g).

In Count V, Plaintiff alleges that on January 3, 2006, St. Romain intentionally accessed "Lockheed Martin protected computers" without authorization, and as a result, recklessly caused damage in violation of Sec. 1030 (a)(5)(A)(ii). (Doc. 116 at 32.) However, the words "Lockheed Martin" are a typographical error, and the computer at issue in this count was St. Romain's, just as was the case in Count III. (Doc. 137 at 14, n.4). Section 1030(a)(5)(A)(ii) applies when someone "intentionally accesses a protected computer without authorization, and as a result of such conduct,

recklessly causes damage". As discussed above, St. Romain certainly had authorization to access his own computer and therefore Section 1030(a)(5)(A)(ii) cannot apply.

Accordingly, it is

**ORDERED** and **ADJUDGED** that Defendant Patrick St. Romain's Motion to Dismiss (Doc. 130) is **GRANTED**. Counts I, III and V of the Second Amended Complaint are **DISMISSED WITH PREJUDICE** as to Defendant Patrick St. Romain.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 7, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party