**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOCKHEED MARTIN CORPORATION a Maryland corporation,**

     **Plaintiff,**

-vs-              Case No. 6:05-cv-1580-Orl-31KRS

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation, MEDIATECH, INC., a Delaware corporation, KEVIN SPEED, STEVE FLEMING, and PATRICK ST. ROMAIN,**

     **Defendants.**

_____

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation,**

     **Counter-Plaintiff,**

**vs.**

**LOCKHEED MARTIN CORPORATION, a Maryland corporation,**

     **Counterclaim Defendant,**
**and**

**JACK KELLY, THOMAS DORSEY, MICHAEL HOMAN, and THOMAS HULL,**

     **Additional Counterclaim**
     **Defendants.**

_____

## ORDER

This matter comes before the Court on the motion for reconsideration (Doc. 196) filed by the Plaintiff, Lockheed Martin Corporation ("Lockheed").  Based on a recent decision of the United States Court of Appeals for the Fifth Circuit, Lockheed seeks reconsideration of this Court's orders (Doc. 112, 167, 168, 172, and 173) dismissing certain claims under the Computer Fraud and Abuse Act ("CFAA") on the grounds that the defendants were authorized to access the computers and data at issue.  (Doc. 196 at 2).  Lockheed contends that the Fifth Circuit, in *United States v. Phillips*, 2007 WL 172131 (5th Cir. 2007), expanded the law of the First, Third, and Seventh Circuits and, consistent with Lockheed's position, "held that 'authorized access' is not to be narrowly construed."  (Doc. 196 at 2).

After reviewing the case, the Court finds no such expansion.  In *Phillips*, a criminal case, the defendant was a student at the University of Texas who exploited a security flaw to hack his way into one of his university's allegedly secure servers.  *Id.* at *1.  The server, which was operated for faculty and staff, not students such as Philips, allowed authorized users to gain access by typing their Social Security numbers into a field on a log-in page on a school website.  *Id.* Phillips created a program that entered hundreds of Social Security numbers per minute to the log-in page.  *Id.*  He limited the numbers to ones that had been issued to people born in Texas.  *Id.* Once one of his program's numbers matched the Social Security number of an authorized user, Philips gained access to the server and was able to extract the authorized user's personal information.  *Id.*

On appeal from his conviction under the CFAA, Philips argued that there was insufficient evidence that he accessed the server without authorization, and that he did so intentionally. *Id.* at *2. The Court had no difficulty finding that his "brute-force attack program was not an intended use of the UT network within the understanding of any reasonable computer user and constitutes a method of obtaining unauthorized access to computerized data that he was not permitted to view or use." *Id.* at *3. Philips also argued that because the log-in website he was using was available to the public, he (and everyone else) was a *de facto* authorized user, and that he was merely exceeding his authorization. *Id.* at *4. The Court rejected this argument on the grounds that authorized access to a website was, at least in that case, entirely different from authorized access to the programs and data that could be accessed through that website. *Id.*

The Court finds nothing in the *Philips* opinion that expands the definition of authorized access under the CFAA or that even arguably parallels the situation in the instant case. There is no dispute whether the defendants in this case were authorized by Lockheed to access the computers and data at issue. Unlike the defendant in *Philips*, they were. The only point of contention is whether their alleged use of that access to pilfer trade secrets for Lockheed's competitors either exceeded or extinguished that authorization. *Philips* does not provide any guidance on that point.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the motion for reconsideration (Doc. 196) filed by the Plaintiff, Lockheed Martin Corporation, is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 20, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party