**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOCKHEED MARTIN CORPORATION a Maryland corporation,**

        **Plaintiff,**

**-vs-**                              **Case No. 6:05-cv-1580-Orl-31KRS**

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation, MEDIATECH, INC., a Delaware corporation, KEVIN SPEED, STEVE FLEMING, and PATRICK ST. ROMAIN,**

        **Defendants.**

---

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation,**

        **Counter-Plaintiff,**

**vs.**

**LOCKHEED MARTIN CORPORATION, a Maryland corporation,**

        **Counterclaim Defendant,**
**and**

**JACK KELLY, THOMAS DORSEY, MICHAEL HOMAN, and THOMAS HULL,**

        **Additional Counterclaim Defendants.**

---

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:** **LOCKHEED MARTIAN CORPORATION'S EXPEDITED MOTION TO COMPEL PRODUCTION OF PATENT APPLICATION DOCUMENTS (Doc. No. 286)**
>
> **FILED:** July 9, 2007

In its motion, Lockheed Martin Corporation (LMC) argues that it developed a proprietary discrete simulator and optimizer for aircrew training, also known as an enterprise schoolhouse optimization solution (TADS). LMC alleges that, in an attempt to gain access to this information, L-3 Communications Corporation (L-3) hired a number of LMC employees who were involved in the development of TADS. While at L-3, LMC's former employees developed a school optimization solution comparable to LMC's TADS.

Eytan Pollack, one of LMC's former employees now employed by L-3, testified in a deposition that L-3 was in the process of applying for a method patent on its schoolhouse optimization technology. Based on Pollack's testimony and other documents produced by L-3, LMC served a request for production of documents in which it requested "[a]ll documents concerning L-3's patent application for its schoolhouse analysis technology." Doc. No. 286 at 5. L-3 objected to producing the patent application and related documents on relevance grounds, and later stated that it had not filed a patent application for its schoolhouse analysis technology. L-3 also asserted that responsive documents were protected by the attorney-client privilege and work product doctrine. L-3 served a privilege log describing the responsive but withheld documents. Doc. No. 321-2.

LMC subsequently filed the present motion to compel seeking an order requiring L-3 to produce the draft patent application and related documents, arguing that documents concerning patent

applications can never be privileged or protected. L-3 filed a response to the motion on short notice pursuant to my notice of hearing.

LMC's argument that documents concerning a patent application can never be privileged or protected is not supported by the law upon which it relies. For instance, in *Fordham v. OneSoft Corp.*, No. Civ. A. 00-1078-A, 2000 WL 3341416, at *1 (E.D. Va. Nov. 6, 2000), cited by LMC, the Court wrote that "[d]raft patent applications are not privileged *except to the extent that one of them reveals a privileged communication* [emphasis added]." Similarly, in *Automed Technologies, Inc. v. Knapp Logistics & Automation, Inc.*, 382 F. Supp. 2d 1372, 1376 (N.D. Ga. 2005), also cited by LMC, the Court reviewed the Invention Record and Assignment Form with respect to which the attorney-client privilege was asserted to determine whether it "contained privileged information or was a communication of information, confidential or not, for use by counsel . . . ." Accordingly, this case also does not support LMC's argument that documents concerning a patent application can never be privileged. *See also In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed. Cir. 2000); *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 252-53 (N.D. Ill. 2000).

Therefore, the Court must determine on a document-by-document basis whether the asserted privileges and protections apply. The privilege log submitted by L-3 is insufficient to make this determination. It does not provide all of the information required by my Standing Order Regarding Privilege Logs, including the capacity of the individuals who authored or received copies of the documents, it is not supported by evidence showing that the communications were made for the purpose of giving or seeking legal advice or that they were prepared in anticipation of litigation, as is required to support the assertion of work product. L-3's memorandum of law does not address the

elements of the asserted privilege and protection asserted, or how the facts before the Court support a finding that each element has been met. While ordinarily this failure would be dispositive, in this case L-3 was required to file its response on short notice and should be given an opportunity to file a supplement to its response in compliance with my standing order. Accordingly, I will consider the merits of the motion after the supplemental response is filed or the time for doing so has passed.

It is **ORDERED** that L-3's supplemental response to the present motion is due on July 23, 2007, which is the date on which the response to the motion would have been due pursuant to the Case Management and Scheduling Order. It is further **ORDERED** that, simultaneously with filing its response, L-3 shall provide my chambers with copies of the documents at issue for *in camera* review. It is further **ORDERED** that counsel for the parties shall confer in another good faith attempt to resolve the issues presented in the motion before July 23, 2007, and L-3 shall certify in its supplemental response that this conference occurred and the extent to which the issues were narrowed, if at all.

**DONE** and **ORDERED** in Orlando, Florida on July 18, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties