# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LOCKHEED MARTIN CORPORATION a Maryland corporation,**

     **Plaintiff,**

**-vs-**            **Case No.  6:05-cv-1580-Orl-31KRS**

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation, MEDIATECH, INC., a Delaware corporation, KEVIN SPEED, STEVE FLEMING, and PATRICK ST. ROMAIN,**

     **Defendants.**

_____

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation,**

     **Counter-Plaintiff,**

**vs.**

**LOCKHEED MARTIN CORPORATION, a Maryland corporation,**

     **Counterclaim Defendant,**

**and**

**JACK KELLY, THOMAS DORSEY, MICHAEL HOMAN, and THOMAS HULL,**

     **Additional Counterclaim Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF AND COUNTERCLAIM DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION FOR PROTECTIVE ORDER QUASHING DEFENDANT PATRICK ST. ROMAIN'S NOTICES OF [RULE] 30(B)(6) DEPOSITIONS (Doc. No. 310)** |
| **FILED:** | **July 13, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF AND COUNTERCLAIM DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION FOR PROTECTIVE ORDER QUASHING DEFENDANT STEVE FLEMING'S NOTICE OF [RULE] 30(B)(6) DEPOSITION (Doc. No. 311)** |
| **FILED:** | **July 13, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF AND COUNTERCLAIM DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION FOR PROTECTIVE ORDER QUASHING DEFENDANT KEVIN SPEED'S NOTICE OF [RULE] 30(B)(6) DEPOSITION (Doc. No. 312)** |
| **FILED:** | **July 13, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| MOTION: | PLAINTIFF AND COUNTERCLAIM DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION FOR PROTECTIVE ORDER QUASHING DEFENDANT MEDIATECH, INC.'S NOTICES OF [RULE] 30(B)(6) DEPOSITIONS (Doc. No. 314) |
|---|---|
| FILED: | July 13, 2007 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| MOTION: | PLAINTIFF/COUNTERCLAIM DEFENDANT LOCKHEED MARTIN CORPORATION'S MOTION TO STAY [RULE] 30(B)(6) DEPOSITIONS PENDING RESOLUTION OF ITS MOTIONS FOR PROTECTIVE ORDER QUASHING [RULE] 30(B)(6) DEPOSITIONS AND REQUEST FOR ORAL ARGUMENT (Doc. No. 325) |
|---|---|
| FILED: | July 20, 2007 |

**THEREON** it is **ORDERED** that the motion is **DENIED** as moot.

Defendants Patrick St. Romain, Steve Fleming, Kevin Speed and Mediatech, Inc. (Mediatech) noticed Defendant Lockheed Martin Corporation (LMC) to appear for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on July 25 and 26, 2007. *See* Notices of Deposition, doc. nos. 310-2 at 1-7, 311-2 at 1-6, 312-2 at 8-11; 314-2. They separately noticed LMC to appear at a Rule 30(b)(6) deposition on July 23, 2007 regarding topics not included in the notices of deposition to be taken on July 25 and 26, 2007. *See* Notices of Deposition, doc. no. 310-2 at 7-14, 311-2 at 7-10; 312-2 at 1-5. In separate motions, LMC seeks orders (1) quashing these notices of deposition, some in whole and some only in part; and, (2) staying discovery pending ruling on its motions to quash. Fact discovery closes in this case on August 15, 2007. Doc. No. 85.

Even though Speed and Fleming served their deposition notices on June 18, 2007, LMC delayed filing its motions to quash until July 13, 2007, thereby assuring that the motions would not be ripe, absent an expedited response, before the Rule 30(b)(6) deposition scheduled on July 23, 2007. Nevertheless, all parties, except Mediatech, have responded to the various motions under consideration. Because the depositions at issue are scheduled to begin tomorrow, it is appropriate to address the motions without awaiting a further response from Mediatech.[1]

## I.   APPLICABLE LAW.

Rule 30(b)(6) permits a party to name as a deponent a corporation "and describe with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). The deponent corporation is then required to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." *Id.* The persons testifying on behalf of the corporation "shall testify as to matters known or reasonably available to the organization." *Id.*

Preparation of a witness for a Rule 30(b)(6) deposition is required so that he or she may give knowledgeable and binding answers for the corporation. *See Quantachrome Corp. v. Micromeritics Instrument Corp.,* 189 F.R.D. 697, 699 (S.D. Fla. 1999). This duty to prepare goes beyond matters personally known to the deponent and matters in which the deponent was personally involved. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd,* 166 F.R.D. 367 (M.D.N.C. 1996). Problems of individual limitations, including memory and involvement with the matters in question, "do not relieve a corporation from preparing its Rule 30(b)(6) designee to the extent matters are reasonably

---

[1] Contrary to representations in the papers, the Court has not scheduled a hearing on these motions for July 26, 2007.

-4-

available, whether from documents, past employees, or other sources." *Id.* The corporation being

deposed has a "duty to provide a witness or witnesses with the requisite knowledge and to prepare

these witnesses, despite the difficulty of investigating the subject matter requested by the deposing

party." *Buycks-Roberson v. Citibank Fed. Sav. Bank,* 162 F.R.D. 338, 343 (N.D. Ill. 1995); *see*

*generally* Middle District Discovery (2001).

## II.    ANALYSIS.

LMC asserts that Rule 30(b)(6) deposition topics requiring a corporate party to produce a

witness to testify regarding all facts and circumstances underlying the corporate party's causes of

action are routinely quashed in federal court. *See, e.g.,* Doc. No. 310 at 2. The case law does not

support this sweeping proposition. Some courts have granted protective orders with respect to Rule

30(b)(6) deposition notices asking a corporate party to produce a representative to testify about facts

underlying causes of action asserted in a case.[2] Other courts have permitted the Rule 30(b)(6)

---

[2]  *See, e.g., Smithkline Beecham Corp. v. Apotex Corp.*, 98 C. 667, 2000  U.S. Dist. LEXIS 667, at * 26-29 (N.D. Ill. Jan. 24, 2000); *SEC v. Rosenfeld*, 97 Civ. 1467 (RPP), 1997 U.S. Dist. LEXIS 13996 (S.D.N.Y. Sept. 16, 1997); *Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996); *EEOC v. Am. Int'l Group, Inc.*, 93 CIV 6390 (PKL)(RLE), 1994 U.S. Dist. LEXIS 9815 (S.D.N.Y. July 18, 1994); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992); *United States v. Dist. Council*, 90 CIV 5722 (CSH), 1992 U.S. Dist. LEXIS 12307, at * 41-42 (S.D.N.Y. Aug. 18, 1992); *McCormick-Morgan, Inc. v. Teledyne Indus.,* Inc., 134 F.R.D. 275, 288 (N.D. Cal.), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991); *General Foods Corp. v. Computer Election Sys., Inc.*, No. M8-85, 1980 U.S. Dist. LEXIS 10479 (S.D.N.Y. March 13, 1980).  LMC also cited *Reed v. Bennett*, 193 F.R.D. 689 (D. Kan. 2000), in support of this proposition. *See, e.g.,* Doc. No. 310 at 11 n. 2.  However, in *Reed*, the Court quashed the deposition notice because the topics were described as including but not limited to the listed areas.  *Reed* did not discuss the propriety of a Rule 30(b)(6) deposition topic asking for facts underlying a party's causes of action.

depositions to proceed.[3]   Accordingly, I conclude that the resolution of the motions at issue must be based upon the facts and procedural status of the present case.

In the present case, fact discovery will close soon.   Yet, as St. Romain illustrates in his response, LMC has only belatedly produced some information underlying some of its claims, and it appears that it has failed to produce any information regarding other claims.   *See* Doc. No. 330 at 2, 6, 7.   Furthermore, as Speed and Fleming show, LMC was served with contention interrogatories, to which it objected as premature, and LMC has not shown that it substantively supplemented its responses to these interrogatories based on information gained through discovery.   *See* Doc. No. 328 at 3; Doc. No. 328-3; Doc. No. 328-4; Doc. No. 335 at 2-3; Doc. No. 335-2; Doc. No. 335-3.   Under these circumstances, this is not a case in which it would be more efficient to require the defendants to pursue discovery through some means other than a Rule 30(b)(6) deposition.

LMC specifically objects to the deposition topics as overly broad, unduly burdensome, duplicative of other information produced or available through other means in discovery, and invasive of the attorney-client privilege and work product protection.   It asserts, further, that "there is no [LMC] witness or witnesses who could testify concerning the broad subject matter of the Deposition Notices," noting that LMC representatives do not have access to some attorney's eyes only information produced during discovery by Defendant L-3 Communications (L-3).   Doc. No. 310 at 3-4.

_____

[3] *See, e.g., Taylor v. Shaw*, No. 2:04-cv-01668-LDG-LRL, 2007 WL 710186 (D. Nev. March 7, 2007); *EEOC v. Caesars Entertainment,* Inc., 237 F.R.D. 428 (D. Nev. 2006); *United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C.), *aff'd*, 163 F.R.D. 367 (M.D.N.C. 1996); *AMP, Inc. v. Fujitsu Microelectronics, Inc.*, 853 F. Supp. 808, 831 (M.D. Pa. 1994); *Ierardi v. Lorillard, Inc.*, Civ. A. No. 90-7049, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991); *United States v. Pepper's Steel & Alloys,* Inc., 132 F.R.D. 695, 699 (S.D. Fla. 1990); *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267 (D. Neb. 1989).

None of these objections is well taken.  *See, e.g., Taylor,* 2007 WL 710186, at * 1-4; *Taylor*, 166 F.R.D. at 362-63; *Caesar's Entertainment, Inc.*, 237 F.R.D. at 433-35; *Ierardi v. Lorillard, Inc.*, 1991 WL 158911.  The topics about which the defendants seek testimony from LMC ask for facts regarding specific allegations in the Second Amended Complaint and specific facts regarding the computers and computer-stored information at issue in this case.  They do not seek testimony regarding LMC's contentions or theories, which some courts have found would invade the attorney-client privilege and work product protection.  *See Wilson v. Lakner*, 228 F.R.D. 524, 529 & n. 8 (D. Md. 2005).  Facts are neither privileged nor protected, *see Upjohn v. United States*, 449 U.S. 383, 395 (1981), and *Hickman v. Taylor*, 329 U.S. 495, 508 (1947), and the Standing Order on Privilege Logs establishes the procedure to be followed should a question call for disclosure of privileged or protected information.

Furthermore, LMC has not identified information that it already produced in discovery that it contends is completely responsive to any topic in the Rule 30(b)(6) deposition notices.  Nor has LMC produced evidence that supports its claim of undue burden.  *See Coker v. Duke Power Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).  LMC's impossibility argument also rings hollow – if it has facts that support its allegations, it must disclose them; if it does not, it must so state.  *See* Fed. R. Civ. P. 11. If LMC's designated corporate representatives do not have knowledge of attorney's eyes only discovery information that is responsive to any Rule 30(b)(6) deposition topic, it is **ORDERED** that LMC shall, on or before July 24, 2007, provide that information in sworn supplemental responses to the defendants' contention interrogatories.

Accordingly, it is **ORDERED** that LMC shall produce corporate representatives prepared to testify regarding the facts called for in the Rule 30(b)(6) deposition notices, even though those facts may have been provided to the representatives by counsel.  Counsel for St. Romain, Fleming, Speed and Mediatech shall avoid asking questions that are intended to elicit LMC's counsel's advice, view of the significance of particular facts, or mental impressions regarding the case.  LMC shall prepare its corporate representatives to provide information responsive to the topics described in the Rule 30(b)(6) deposition notices, even though LMC may contend that it already produced the responsive information in some form during discovery.  To the extent that LMC's corporate representatives refer to documents produced in discovery as responsive to any of the deposition topics, the representative shall identify those documents specifically by Bates number.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties