**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOCKHEED MARTIN CORPORATION a Maryland corporation,**

        **Plaintiff,**

-vs-                                                **Case No. 6:05-cv-1580-Orl-31KRS**

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation, MEDIATECH, INC., a Delaware corporation, KEVIN SPEED, STEVE FLEMING, and PATRICK ST. ROMAIN,**

        **Defendants.**

_____

**L-3 COMMUNICATIONS CORPORATION, a Delaware corporation,**

        **Counter-Plaintiff,**

vs.

**LOCKHEED MARTIN CORPORATION, a Maryland corporation,**

        **Counterclaim Defendant,**
**and**

**JACK KELLY, THOMAS DORSEY, MICHAEL HOMAN, and THOMAS HULL,**

        **Additional Counterclaim Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT AND COUNTERCLAIM PLAINTIFF L-3 COMMUNICATIONS CORPORATION'S MOTION FOR FED. R. CIV. P. 37 SANCTIONS, AND, IN THE ALTERNATIVE, MOTION TO COMPEL AND FOR LEAVE TO REOPEN RELEVANT FACT DISCOVERY (Doc. No. 404)**
>
> **FILED:** October 12, 2007
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

In this motion, L-3 Communications Corporation (L-3) seeks imposition of sanctions against Lockheed Martin Corporation (LMC) arising from alleged spoliation of evidence by Hugh Francis ("Paco") Burrell, an LMC employee. It also seeks sanctions for alleged discovery abuses. In the alternative, it asks to reopen fact discovery. I will address these requests for relief individually.

*A.   Alleged Spoliation of Evidence by Hugh Francis ("Paco") Burrell.*

On September 27, 2007, L-3 took the deposition of Hugh Francis ("Paco") Burrell, an employee of Lockheed Martin Corporation (LMC).

Burrell testified that he began working for LMC in mid-July 2006. He took over Jack Kelly's responsibilities with respect to the ATARS II project in mid-January 2007. Burrell testified that he was going to be the LMC interface with the government on ATARS at Ogden, Utah.

On October 13, 2006, LMC sent Burrell and others an email with an attached memorandum that stated, in pertinent part, as follows:

> ANY DOCUMENTS THAT RELATE TO THE LAWSUIT ARE NO LONGER SUBJECT TO LOCKHEED MARTIN'S DOCUMENT RETENTION POLICY AND ARE NOT TO BE DESTROYED, DELETED OR DISCARDED DURING THE COURSE OF THIS LAWSUIT. YOU ARE TO NOTIFY ME AT ONCE, IF YOU BECOME AWARE OF ANY DOCUMENTS THAT WERE DESTROYED OR ABOUT TO BE DESTROYED THAT WOULD RELATE TO THIS MATTER.

Doc. No. 436-4 at CMECF page 5 of 13 (the "litigation hold" memorandum).[1] Burrell testified at his deposition that he did not recall receiving the litigation hold memorandum. Burrell testified that he had deleted email to "clean up," doc. no. 436-3, Burrell Deposition Transcript at 276, but he provided no testimony about what email was deleted, when, or the subject matter of the deleted email. LMC has conducted a forensic search of the hard drive of Burrell's computer, recovered available deleted emails dated back to July 2006, and will produce email not previously produced that is responsive to L-3's discovery requests. Doc. No. 436 at 2.

"'Spoliation' is the 'intentional destruction, mutilation, alteration, or concealment of evidence.'" *Optowave Co. v. Nikitin*, No. 6:05-cv-1083-Orl-22DAB, 2006 WL 3231422, at *7 (M.D. Fla. Nov. 7, 2006)(quoting Black's Law Dictionary 1437 (8th ed. 2004)). Federal law governs the imposition of spoliation sanctions in this case, but state law may be consulted to guide the Court in its analysis. *See Martinez v. Brink's, Inc.*, 171 Fed. Appx. 263, 268 n.7 (11th Cir. 2006); *Optowave*

---

[1] L-3 asks for a Rule 30(b)(6) deposition regarding the litigation hold memorandum. For the reasons stated *infra*, even if the litigation hold memorandum had not been issued, L-3 failed to establish the remaining elements of spoliation. Therefore, no basis exists for discovery regarding this memorandum.

*Co.*, 2006 WL 3231422, at *8 (citing *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005)).

Generally, spoliation is established when the party seeking sanctions proves (1) that the missing evidence existed at one time; (2) that the alleged spoliator had a duty to preserve the evidence; and (3) that the evidence was crucial to the movant being able to prove its *prima facie* case or defense. *See Optowave Co.*, 2006 WL 3231422, at *8; *Golden Yachts, Inc. v. Hall*, 920 So. 2d 777, 781 (Fla. 4th Dist. Ct. App. 2006). Additionally, in this circuit sanctions for spoliation of evidence are appropriate "only when the absence of that evidence is predicated on bad faith. . . . 'Mere negligence' in losing or destroying the records is not enough for an adverse inference, as 'it does not sustain an inference of consciousness of a weak case.'" *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997) (quoting *Vick v. Tex. Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)).

L-3 has not established the first and third element of spoliation. While Burrell had a duty to preserve evidence relevant to the present litigation, there is no evidence that the email he deleted falls within the category. L-3 proffers that "a named additional counterclaim defendant testified at deposition that e-mails between himself and Mr. Burrell exist relating to Mr. Burrell's role in drafting a portion of the Lockheed Martin's ATARS II proposal," doc. no. 404 at 11, but L-3 does not assert that these emails have not already been produced in discovery, albeit not from Burrell's hard drive. Thus, the evidence is insufficient to establish that there are any "missing" emails that would constitute "evidence" in this case. L-3 similarly has not established that any allegedly "missing evidence" is crucial to its claims or defenses in this case. Therefore, sanctions arising from alleged spoliation of evidence are not warranted.

*B.     Request for Sanctions Arising From Belated Production of Discovery.*

Fact discovery closed in this case on August 15, 2007. Nevertheless, the parties requested, and the Court granted, leave to conduct the depositions of Don Anderson and Paco Burrell after the close of discovery. Doc. No. 360. The order expressly advised the parties that the time for filing discovery motions was not extended and that "other problems" arising from the extension of time may not be cited or relied upon as a basis for enlargement of any other deadlines in this case. *Id.*

On September 6, 2007, L-3 untimely filed a motion to compel LMC to produce, among other things, documents from the files of LMC Director of Business Development Donald Anderson. Doc. No. 370.[2] On September 17, 2007, L-3 withdrew the motion, indicating that it *agreed* to LMC producing responsive documents from Anderson's files by September 21, 2007. Doc. No. 383. LMC subsequently produced responsive documents. Thus, L-3's assertion that LMC should be sanctioned for failing to produce these documents before the close of fact discovery is spurious in light of L-3's agreement to the production of the documents after August 15, 2007.

L-3 further contends that the Anderson files contain an April 2005 email chain (LM00312955) between Tom Dorsey, Don Anderson and Nick Ali "that goes to the heart of L-3 Communications' counterclaims in this litigation and constitutes a proverbial 'smoking gun.'" Doc. No. 404 at 8.

---

[2] The motion was untimely because the Court established August 15, 2007, as the date by which motions to compel must be filed, and the order permitting the deposition of Anderson after the close of discovery expressly stated that the date for filing discovery motions was not extended. Doc. Nos. 85, 360.

In the Background section of its counterclaims, L-3 summarized its counterclaims as follows:

> In summary, the Counterclaim Defendants' actions include: (i) a smear campaign against multiple members of the U.S. military responsible for recommending a competition strategy and the winning bidder whom were dissatisfied with Lockheed Martin's work on the existing ATARS Contract; (ii) a coordinated campaign of strong-arm tactics and threats made to the key and uniquely-skilled vendors necessary to bid for the ATARS Contract and King Contract in an effort to have those vendors boycott and refuse to deal with L-3; (iii) acts and conduct designed to delay and even eliminate rebidding on the ATARS Contract; and (iv) a smear campaign disparaging the reputation and capabilities of L-3, including, without limitation, the bringing of this objectively and subjectively baseless sham litigation and dissemination of false statements.

Doc. No. 72 at 27.

At my direction, L-3 submitted the e-mail chain for *in camera* review.[3] The email chain contains no "smoking gun." Rather, as counsel for counterclaim defendants Jack Kelly and Thomas Dorsey argues, it addresses actions proposed by an individual that another individual did not support.

L-3 requests that it be permitted to reopen the depositions of witnesses Kelly, Crowley, Ali and Dorsey to inquire about this email chain. While L-3 argues that the testimony of these witnesses is inconsistent with the email chain, it does not cite the Court to any deposition testimony supporting this assertion. LMC has agreed to provide Anderson for seven hours of deposition, which will give L-3 ample opportunity to explore this email chain.

---

[3] I will cause the email chain to be filed under seal.

Accordingly, none of the relief requested by L-3 is warranted. As such, its request for attorneys' fees and costs also is not well taken.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties